**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ATHENA WASHINGTON                                                                                          PLAINTIFF

v.                                              NO. 5:14CV00274 JLH/JTR

CYNTHIA HUNTER, Lieutenant,
Brassell Detention Center, *et al.*                                                                      DEFENDANTS

**OPINION AND ORDER**

Athena Washington is a pretrial detainee in the Brassell Detention Center. She has filed this *pro se* § 1983 action alleging that defendants violated her constitutional rights.

The Prison Litigation Reform Act requires federal courts to screen complaints filed by prisoners. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Further, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

A.     **Inhumane Conditions of Confinement Claims**

Washington alleges that Lieutenant Cynthia Hunter and Deputy D. Butler subjected her to inhumane conditions of confinement by forcing her to stay in a cell that does not have a sink, shower, or drinking water. Documents #2 and #7. Jail Administrator Greg Bolin and Assistant Administrator Tyra Tyer allegedly knew about the unconstitutional conditions, but failed to take corrective action. *Id.*

Because the Constitution does not mandate comfortable prisons, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a § 1983 action. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981). Thus, to plead a viable conditions of confinement claim, a pretrial detainee must allege facts suggesting that she was deprived of the minimal civilized measures of life's necessities or exposed to a substantial risk of serious harm to her health or safety. *Schoelch v. Mitchell,* 625 F.3d 1041, 1047 (8th Cir. 2010); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

In the amended complaint, Washington concedes that she was allowed to bathe daily in a shower located outside her cell. Document #7. She also admits that she was allowed to wash her hands outside of her cell and that there was hand sanitizer located inside her cell. *Id.* Further, Washington does not allege that she was actually harmed by the failure to have a sink or shower in her cell for cleansing purposes. *Id.* Thus, Washington's claims regarding the alleged failure to

properly bathe and wash her hands are dismissed without prejudice.

Washington states that, although she did not have running water in her cell, she was provided with drinking water with her meals. However, according to Washington, she was periodically denied drinking water for 12 to 19 hours at a time resulting in dehydration. The Court concludes, *for screening purposes only,* that Washington has stated a viable claim regarding the denial of adequate drinking water against Hunter, Bolin, Tyler, and Butler. However, because the lack of water appears to have been caused by periodically failures – rather than a policy, practice, or custom – Washington may proceed with her dehydration claim against defendants in their individual capacities only. *See Luckert v. Dodge Cnty*, 684 F.3d 808, 820 (8th Cir. 2012); *Parrish v. Ball,* 594 F.3d 993, 997 (8th Cir. 2010) (explaining county employees can be held liable, in their official capacities, only if the constitutional violation was caused by a county policy, practice, or custom).

B.      **Inadequate Medical Care Claims**

Washington alleges that an unnamed nurse denied her medical care when she "broke out" due to the inability to wash her face more than once a day. Document #7 at 1. To plead a viable inadequate medical care, a pretrial detainee must allege facts suggesting that defendants were deliberately indifferent to an objectively serious medical need. *Thompson v. King*, 730 F.3d 742, 746 (8th Cir. 2013); *Christian v. Wagner,* 623 F.3d 608, 613 (8thCir. 2010). Washington has not pled any facts suggesting that the lack of medical care rose to the level of a constitutional violation. Thus, her inadequate medical care claim is dismissed without prejudice.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.      Washington may proceed with her claims that Hunter, Bolin, Tyler, and Butler – in

their individual capacities only – subjected her to inhumane conditions of confinement by failing to provide her with adequate drinking water.

    2.    All other claims are dismissed without prejudice.

    3.    It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

    4.    The Clerk is directed to prepare a summons for Hunter, Bolin, Tyler, and Butler. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, and this Order on them without prepayment of fees and costs or security therefor. If any of the defendants are no longer employed by the Brassell Detention Center, the individual responding to service must file a **sealed** statement containing the unserved defendant's last known private mailing address.

DATED this 15th day of September, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

their individual capacities only – subjected her to inhumane conditions of confinement by failing to provide her with adequate drinking water.

    2.    All other claims are dismissed without prejudice.

    3.    It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

    4.    The Clerk is directed to prepare a summons for Hunter, Bolin, Tyler, and Butler. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, and this Order on them without prepayment of fees and costs or security therefor. If any of the defendants are no longer employed by the Brassell Detention Center, the individual responding to service must file a **sealed** statement containing the unserved defendant's last known private mailing address.

DATED this 15th day of September, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE