# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ATHENA WASHINGTON                                                                           PLAINTIFF

V.                                          5:14CV00274 JLH/JTR

CYNTHIA HUNTER, Lieutenant,
Brassell Detention Center, et al.                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Athena Washington, has filed this *pro se* § 1983 action alleging that, while she was confined in the Brassell Detention Center, Defendants Hunter, Bolin, Tyler, and Butler violated her constitutional rights by failing to provide her with an adequate amount of drinking water. *Docs. 2 & 7.*

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 37, 38, & 39.* Plaintiff has filed a Response, without any supporting evidence. *Doc. 42.*

For the following reasons, the Court recommends that Defendants' Motion for Summary Judgment be granted, and that the case be dismissed, with prejudice.[1]

## II. Facts

The relevant facts, viewed in the light most favorable to Plaintiff, are as follows:

1. From July 1 to 18, 2014, Plaintiff was confined in a cell at the Brassell Detention Center that did not have running water. *Doc. 38, Exs. 1 & 2.*

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

2. Plaintiff received eight ounces of water with each of her meals, which were served in her cell at approximately 3:30 a.m., 11:30 a.m., and 5:00 p.m. *Doc. 38, Exs. B & G.*

3. Periodically, Plaintiff was allowed to shower and go to a day room, which contained a three to five gallon water cooler.[2] *Doc. 38, Ex. G; Doc. 42.* Plaintiff was allowed to keep an eight ounce cup that she could use to drink water from the water cooler and the shower. *Id.*

4. Plaintiff never filed any medical request forms seeking treatment for symptoms of dehydration. *Doc. 38, Ex. 6.* According to a sworn affidavit filed by a non-party nurse, Plaintiff never complained of or presented any symptoms of dehydration. *Id.*

### III. Discussion

Defendants Hunter, Bolin, Tyler, and Butler argue that they are entitled to summary judgment on Plaintiff's conditions of confinement claim. The Court agrees.

To prevail on her conditions of confinement claim, Plaintiff must prove that: (1) she was forced to live in conditions that, objectively, constituted a substantial risk

---

[2] Defendants allege that Plaintiff was allowed to shower every day and that she was allowed to go to the day room for "several hours" everyday. *Doc. 38, Ex. G at 2.* However, Plaintiff alleges, without specificity, that sometimes she remained in her cell all day -- without access to water in the day room or shower -- because the jail was shorthanded. *Doc. 42.* The Court must construe that disputed fact in the light most favorable to Plaintiff.

of serious harm to her health or safety; and (2) subjectively, defendants were deliberately indifferent to the risk of harm posed by those conditions. *See Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). As to the objective element, the Supreme Court has clarified that the "Constitution does not mandate comfortable prisons," and that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a constitutional violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

Plaintiff has not produced any evidence to meet that high standard of proof. To the contrary, she *admits* that Defendants gave her eight ounces of water with meals, which were delivered to her cell every day at 3:30 a.m., 11:30 a.m., and 5:00 p.m. Thus, Plaintiff received, *at a minimum*, twenty-four ounces of water every day, and the longest she went without water was the ten and a half hour period when she was sleeping. As a matter of law, those circumstances do not rise to the level of a constitutional violation. *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (finding no constitutional violation where a prisoner, who was confined in a cell without running water, was given liquids three times a day with his meals); *Robinson v. Adams*, 2010 WL 4942163 (E.D Ark. Nov. 9, 2010) (finding no constitutional violation where a prisoner was not provided with water with meals, and instead, was

only able to drink water while showering).

Importantly, that legal conclusion is bolstered by the additional *undisputed* facts that: (1) Plaintiff was confined in a cell without running water for only seventeen days; and (2) she never sought medical treatment for or exhibited any signs of dehydration. *See Whitnack v. Douglas Cnty.* 16 F.3d 954, 958 (8th Cir. 1994) (explaining the length of time required before a constitutional violation is made out increases as the harshness of the conditions decreases); *Williams,* 49 F.3d at 445-46 (finding no constitutional violation where "[n]othing in the record indicates that Williams suffered any injuries or that his health was impaired as a result" of being confined in a cell without running water); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no constitutional violation when a prisoner was not physically harmed as a result of being locked in a cell containing raw sewage from an overflowing toilet).

Accordingly, Defendants Hunter, Bolin, Tyler, and Butler are entitled to summary judgment, and the conditions of confinement claim Plaintiff has asserted against them should be dismissed, with prejudice.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 37)* be GRANTED,

and Plaintiff's claims against Defendants Hunter, Bolin, Tyler, and Butler be DISMISSED, WITH PREJUDICE.

    2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

    Dated this 8th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE